Adam R. Bialek
Thomas A. Leghorn
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
Telephone: (914) 323-7000
Facsimile: (914) 323-7001



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STROUD PRODUCTIONS AND ENTERPRISES, INC.
and ANDREW B. STROUD

                    Plaintiffs,

-against-

CASTLE ROCK ENTERTAINMENT, INC., WARNER
BROS. ENTERTAINMENT INC., and WARNER
INDEPENDENT PICTURES, INC.

                    Defendants.

JUDGE BAER

07 CIV 8638

**COMPLAINT**

Plaintiffs, STROUD PRODUCTIONS AND ENTERPRISES, Inc. ("SPE") and

ANDREW B. STROUD ("Stroud") (collectively referred to as the "Plaintiffs"), by their

attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, upon information

and belief allege for their complaint against CASTLE ROCK ENTERTAINMENT, INC.,

WARNER BROS. ENTERTAINMENT INC., and WARNER INDEPENDENT PICTURES,

INC. (collectively referred to as "defendants") as follows:

## JURISDICTION AND VENUE

1.      This is an action in part for infringement of copyright arising under the copyright laws of the United States, Title 17 of the United States Code and for unfair competition under § 43 (a) of the Lanham Act (15 U.S.C. § 1125(a)).

2.      Jurisdiction of this Court is predicated on 28 U.S.C. § 1331, 1332, and 1338, as there are federal questions raised herein, the parties are of diverse citizenship, and the amount in question exceeds the sum of $150,000, exclusive of all interests and costs.

3.      This Court has jurisdiction based on diversity over the parties because plaintiff, SPE, is a New York corporation and plaintiff, Stroud, is a citizen of New York.  Each defendant company is located in California.

4.      Venue is based on 28 U.S.C. § 1391 because plaintiffs' claims arise in the district, and upon information and belief, the defendants are doing or have done business in the district.

5.      This Court has personal jurisdiction over each defendant because each defendant is engaged in substantial business activity and/or has committed tortious acts within this district.

## PARTIES

6.      Stroud Productions and Enterprises, Inc. ("SPE") is a New York corporation, having its principal place of business at 5900 Arlington Avenue, #ST-U Bronx, NY 10471.

7.      Andrew B. Stroud is a natural person residing in the City and State of New York. At all times relevant hereto, Stroud was the sole shareholder and President of SPE.

8.      Plaintiffs were musical producers, and produced recordings of songs performed by the musical artist Nina Simone ("Simone").  Plaintiffs also owned the copyrights in many performances they produced.

WPDOCS01 1625035v.11

9.     Upon information and belief, defendant, Castle Rock Entertainment, Inc. ("Castle Rock") is a corporation doing business in the State of New York and is a subsidiary of Warner Bros. Entertainment, Inc.  Castle Rock maintains a principal place of business at 335 N. Maple Drive, Suite 135, Beverly Hills, California 90210.

10.    Upon information and belief, defendant, Warner Bros. Entertainment, Inc. ("Warner Bros.") is a corporation doing business in the State of New York and maintains a principal place of business at 4000 Warner Blvd., Burbank, California 91522.

11.    Upon information and belief, defendant, Warner Independent Pictures Co. ("Warner Independent") is the independent film studio and distributor division of Warner Bros. Entertainment, Inc.  It conducts business in the State of New York and maintains a principal place of business at 4000 Warner Blvd., Burbank, California 91522.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.    Plaintiffs are the owner of the song recording including the copyright therein, embodying the performance by Simone of the composition titled "Just in Time" (the "Work").

13.    The copyright filed for by plaintiffs in connection with the Work is titled "Nina Simone Sings Billie Holiday" and was filed with the U.S. Copyright Office on or about January 22, 1973 by plaintiffs.

14.    Attached as Exhibit A is a copy of the copyright granted by the United States Copyright Office.  This copyright is still in effect and plaintiffs remain the owner of all right, title and interest in the recording.

15.    Stroud was Simone's producer at the time Simone gave the subject performance of the song, "Just in Time".

- 3 -

16.     A recording was made of this performance, and said recording was maintained by Stroud.

## FIRST CLAIM FOR RELIEF-VIOLATION OF COPYRIGHT LAW

17.     Plaintiffs repeat and reallege the allegations of Paragraphs "1" through "16" as if fully set forth herein.

18.     Plaintiffs owned the material that was filed for copyright protection.

19.     This copyright remains valid.

20.     Several years ago, plaintiffs licensed the Work for a limited period.  Said licenses have expired and all rights are held by plaintiffs.

21.     Exercising its control over the Work, plaintiffs entered into a license agreement with Wally Roker, from Canyon Records, ("Roker License") for a finite period of time.  This license agreement included the Work.  This license expired long before the defendants used the recording.

22.     Upon expiration of the Roker License, plaintiffs subsequently entered into a license with Danny Pugliese from Springboard International Records, Inc. ("Pugliese License") for a finite period of time.  The Pugliese License also included the Work.  This license expired long before the defendants used the work.

23.     At no point in time did any of the named defendants ever enter into any license agreement for the subject sound recording with plaintiffs.

24.     Nevertheless, defendants used this copyrighted production in the motion picture titled "Before Sunset" and the accompanying soundtrack.  Defendants continue to commercially

- 4 -

exploit the Film theatrically and through the audio-video configurations that continue to be produced and distributed to the public by defendants.

25.   Defendants were aware of the impermissible copying when using these materials.

26.   Defendants were notified through letters on several occasions of their illegal actions, and were asked to immediately cease all unauthorized distribution, copying and/or public or digital performances of the film, yet defendants continued to distribute the film, video, and soundtrack.

27.   Defendants have infringed the plaintiffs' copyright and have contributed to the infringement of the copyright by continuing to distribute, copy and/or sell public or digital performances of the film and the soundtrack.

28.   Defendants' failure to remove the Work from the film, video and soundtrack after being notified of their infringing activity constitutes willful behavior.  Such willful and deliberate infringement will continue to cause plaintiffs irreparable injury unless enjoined by the Court.

29.   As a result of the violation of the copyright law, plaintiffs have sustained actual and/or statutory damages and are entitled to compensatory damages, disgorgement of profits, punitive damages and attorneys' fees.  In addition, defendants should be enjoined from further violations.  Defendants should also be required to destroy all infringing copies and turn over any copies of the masters to the plaintiffs.

WHEREFORE, plaintiffs, Stroud Productions and Enterprises, Inc. and Andrew B. Stroud, respectfully demand the following equitable and legal relief on its behalf and against defendants:

a.   that defendants be enjoined temporarily during the pendency of this action and permanently thereafter, from infringing upon the Work, by distributing, copying and/or selling public or digital performances of the film and the soundtrack (17 U.S.C. § 502);

WPDOCS01 1625035v.11

b.    that defendants be required to destroy any and all infringing copies of the Work in their possession and/or control (17 U.S.C. §503);

c.    that damages be awarded against defendants for the actual damages suffered by plaintiffs as a result of the infringement, and any additional sales, purchases, and profits of defendants, derived as a result of the infringement of the Work or, at plaintiffs' election, an award of statutory damages for the infringement of plaintiffs' copyrighted work (17 U.S.C. §504);

d.    that defendants be jointly and severally liable for plaintiffs' attorneys' fees and costs (17 U.S.C. §505);

e.    that any and all such further relief as this Court deems appropriate be granted, including injunctive, equitable and/or legal relief.

## SECOND CLAIM FOR RELIEF - UNFAIR COMPETITION

30.    Plaintiffs repeat and reallege the allegations of paragraph "1" through "29" as if fully set forth herein.

31.    Plaintiffs own the song recording including the copyright therein, embodying the performance by Nina Simone of the composition titled "Just in Time" (the "Work").

32.    ~~The performance by Simone on the sound recording was unique.~~

33.    Defendants have advertised, promoted, and publicized the performance of Simone in connection with the movie and soundtrack of the film "Before Sunset" as one that was authorized.

34.    Defendants had no authority to use the sound recording.

35.    Defendants have wrongfully claimed rights in the Work.

36.    By wrongfully claiming rights in the Work, defendants have diminished the value of the Work to its rightful owner.

WPDOCS01 1625035v.11

37.   Plaintiffs are the rightful owners to the Work. By distributing, copying and/or selling public or digital performances of the film, defendants are unfairly competing with plaintiffs.

38.   Defendants' misrepresentation violated the Lanham Act, including section15 USC 1125(a).

39.   Defendants must be enjoined from conducting any further business that unfairly competes with plaintiffs and should be enjoined from claiming plaintiffs' intellectual property as their own.

40.   Defendants' distributing, copying, and/or selling public or digital performances of the film, without a license or other form of authorization, have caused and will continue to cause great harm and irreparable injury to plaintiffs by diminishing the value of the Work to them.

41.   The illegal acts and conduct of defendants complained of herein are of a continuing nature. Unless enjoined, defendants will not refrain from continuing the acts and ~~conduct complained of and defendants' unlawful activities will continue to the further and~~ irreparable loss and damage of plaintiffs.

42.   As a result of the unfair competition, plaintiffs have been damaged in an unspecified amount and will continue to be damaged in the future.

43.   Defendants should be enjoined from further violations, be directed to destroy all infringing copies and be ordered to turn over to plaintiffs any copies of the masters.

WHEREFORE, the plaintiffs, Stroud Productions and Enterprises, Inc. and Andrew Stroud demand that defendants be enjoined from conducting any business under any name or entity that competes with Stroud Productions and Enterprises, Inc. and Andrew Stroud, by claiming to be authorized to sell, distribute and market the Work. The plaintiffs further demand

- 7 -

Judgment on each cause of action be entered for actual, statutory, and/or compensatory damages in an unspecified amount, plus disgorgements of profits, plus costs, disbursements, punitive damages, attorney fees; and for such other, further and different relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues triable to a jury.

Dated:   White Plains, New York
         September 27, 2007

                         Yours, etc.

         WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

         By: _____
                         Adam R. Bialek
                         Thomas A. Leghorn
                         Attorneys for Plaintiffs
                         3 Gannett Drive
                         White Plains, New York 10604
                         (914)323-7000

TO:    Castle Rock Entertainment, Inc.
       335 N. Maple Drive, Suite 135
       Beverly Hills, California 90210

       Warner Bros. Entertainment, Inc.
       4000 Warner Blvd.
       Burbank, California, 91522

       Warner Independent Pictures Co.
       4000 Warner Blvd.
       Burbank, California, 91522

WPDOCS01 1625035v.11