UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x
STROUD PRODUCTIONS & ENTERPRISES, :
INC. and ANDREW B. STROUD, :
:
                          Plaintiffs, : 07 Civ. 8638 (HB)
:
         -against- : OPINION & ORDER
:
CASTLE ROCK ENTERTAINMENT, INC., :
WARNER BROS. ENTERTAINMENT, INC., :
and WARNER INDEPENDENT PICTURES, INC., :
:
                          Defendants. :
-----------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., United States District Judge:**

      This action was initially filed on October 5, 2007. On October 31, 2007, Plaintiffs Stroud Productions & Enterprises, Inc. ("SPE") and Andrew B. Stroud ("Stroud") (collectively, "Plaintiffs") filed an Amended Complaint alleging causes of action for copyright infringement and unfair competition against Defendants Castle Rock Entertainment, Inc. ("Castle Rock"), Warner Bros. Entertainment Inc. ("Warner Bros.") and Warner Independent Pictures, Inc. ("WIP") (collectively, "Defendants"). Plaintiffs' causes of action arise out of Defendants' allegedly unauthorized use of the copyrighted sound recording "Just in Time" by the late jazz singer Nina Simone in the motion picture "Before Sunset." Currently before the Court is Plaintiffs' motion to transfer venue under 28 U.S.C. § 1404(a). Plaintiff argues that the balance of conveniences weighs in favor of a transfer of this matter to the Northern District of California, where a related case that will resolve the copyright ownership rights to an entire catalog of Simone's works (of which "Just in Time" is one) is currently pending (the "California Action"). Defendants oppose the motion and request for this Court to exercise its discretion to dismiss this action without prejudice pending the outcome of the California Action. For the reasons set forth below, the Plaintiffs' motion is granted.

## I. FACTUAL BACKGROUND

      The facts underlying this action are relatively straightforward. Plaintiff Stroud, who had been married to Nina Simone from 1961 to 1972, claims copyright ownership rights in certain master recordings produced by and for Simone (the "Simone sound recordings") pursuant to a Separation Agreement entered into between Simone and Stroud at the end of their marriage. In approximately 2004, Steven Brown, who had been Simone's attorney and who claims 40%

1

ownership interest in the Simone sound recordings pursuant to an agreement with Simone prior to her death, entered into an agreement with Defendants to the instant action to license the use of one of the Simone sound recording – "Just in Time" – for use in the film "Before Sunset."  Plaintiffs allege that, because they own the rights to "Just in Time," the license was unauthorized.  Accordingly, Plaintiffs initiated this action against Defendants for copyright infringement and unfair competition.

These deceptively simple facts must, however, be placed in context of a complicated web of lawsuits that have been filed in recent years in numerous jurisdictions.  Most relevant here, after learning in approximately May 2008 that Stroud claimed copyright ownership of numerous Simone sound recordings, Brown filed the California Action seeking declaratory judgment to establish the ownership rights in the recordings.  Subsequently, Stroud filed a substantially identical declaratory judgment action in this district in September 2008.  *See Andy Stroud, Inc. v. Brown*, 08 Civ. 8246 (HB) (the "SDNY Action").  By Opinion and Order dated March 4, 2009, this Court dismissed the SDNY Action without prejudice pursuant to the prior pending action doctrine, to allow the full adjudication of rights to the Simone sound recordings to go forward in the California Action.  It is undisputed among the parties to the instant action that the outcome in the California Action will be dispositive of the claims at issue in this case.  That is, because the "Just in Time" sound recording licensed to Castle Rock is but one of numerous sound recordings whose copyright ownership is at issue in the California Action, the ownership rights as determined in that action will bear directly on whether Defendants' use of "Just in Time" constituted copyright infringement.  Now that the SDNY Action has been dismissed and the ownership rights of the Simone sound recordings are to be determined by the Northern District of California, Plaintiffs seek to transfer the instant action to that district so that it might be consolidated with the California Action.

### III.  DISCUSSION

Plaintiffs bring this motion under 28 U.S.C. § 1404(a), which provides in part that: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Accordingly, a threshold issue is whether this action "might have been brought" in the Northern District of California, *i.e.*, whether venue is proper in that district.  *See, e.g.*, *Bayer Schering Pharma AG v. Sandoz, Inc.*, 08 Civ. 03710 (PGG), 2009 U.S. Dist. LEXIS 17093 (S.D.N.Y. Feb. 17, 2009); *In re Hanger Orthopedic Group, Inc.*, 418 F. Supp. 2d 164, 168 n.3 (E.D.N.Y. 2006).  Venue in

copyright infringement actions is appropriate "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a).  As corporate entities, Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. § 1391(c).  Defendants argue that venue would be improper in the Northern District of California because their principal places of business are in Los Angeles, not San Francisco, and because they entered into the license agreement that is the subject of this action in Los Angeles.  However, it cannot be seriously disputed that Defendants are global entertainment companies that enjoy substantial benefit of virtually every district in this country; moreover, specifically as relates to this case, Defendants negotiated the license for "Just in Time" with Brown, whose business is located exclusively in San Francisco.  Accordingly, Defendants clearly purposefully availed themselves of the Northern District of California sufficient to be subject to personal jurisdiction there.  It follows, then, that pursuant to 28 U.S.C. § 1391(c) and 28 U.S.C. § 1400(a), venue is proper in the Northern District of California.

The factors the Court considers in determining whether a transfer is warranted, based on the totality of the circumstances, include: (1) the convenience of the witnesses; (2) the availability of process to compel the attendance of unwilling witnesses; (3) the convenience of the parties; (4) the locus of operative facts; (5) the location of relevant documents and relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.  *Emerging Vision, Inc. v. For Eyes Optical Co.*, 06 Civ. 5823, 2009 U.S. Dist. LEXIS 26493, at *10 (S.D.N.Y. Mar. 16, 2009) (citing, *inter alia*, *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006)).  On a motion to transfer venue, the moving party bears the burden of establishing that transfer is appropriate.  *See ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 546 (S.D.N.Y. 2008).  This is particularly so where, as here, the party seeking transfer is the plaintiff.  Indeed, "[a] motion to transfer venue is not ordinarily granted at the request of the party who chose the forum in the first place."  *E.g.*, *Sodepac, S.A. v. Choyang Park*, 02 Civ. 3927 (SAS), 2002 U.S. Dist. LEXIS 19360, at *18 (S.D.N.Y. Oct. 10, 2002) (quoting *Ferrostaal, Inc. v. Union Pac. R.R. Co.*, 109 F. Supp. 2d 146, 151 (S.D.N.Y. 2002)).  Thus, courts in this district have required a plaintiff moving to transfer to demonstrate that, in the time since the action was filed, there has been a change of circumstances that warrants transfer of venue.  *See, e.g.*, *id.*; *Hsin Ten Enter. U.S. v. Clark Enters.*, 138 F. Supp. 2d 449, 465 (S.D.N.Y. 2000); *Ferrostaal*, 109 F. Supp. 2d at 151; *Crane v. Metro-North Commuter R.R.*, No.

87 Civ. 2876 (MJL), 1989 U.S. Dist. LEXIS 7094, at *7 (S.D.N.Y. June 26, 1989).  However, that is not to say that a plaintiff is incapable of making the requisite showing; indeed, in appropriate circumstances, courts have not hesitated to grant motions to transfer venue filed by a plaintiff.  *See, e.g.*, *Martin v. United States*, No. 07-1539 (JDB), 2008 U.S. Dist. LEXIS 107690 (D.D.C. Dec. 11, 2008); *Tucker Anthony, Inc. v. Bankers Trust Co.*, 93 Civ. 0257, 1994 U.S. Dist. LEXIS 128 (S.D.N.Y. Jan. 10, 1994).  Ultimately, the determination on a motion for transfer rests "within the broad discretion of the district court and [is] determined upon notions of convenience and fairness on a case-by-case basis."  *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992); *see also POSVEN, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 401 (S.D.N.Y. 2004).

In this case, it is undisputed that the outcome in the California Action will be dispositive of the sole issue in this case – to wit, whether the license pursuant to which Defendants used "Just in Time" was valid.  Now that the SDNY Action has been dismissed, the Northern District of California will be the sole arbiter of the respective rights of Plaintiffs and Brown with respect to the Simone sound recordings.  This shift of the center of gravity of the litigation over the rights in the sound recordings is sufficient to overcome the presumption against allowing a plaintiff to transfer venue away from the forum that it chose in the first instance.  Moreover, the balance of conveniences tips the scale in favor of a transfer because (1) key witnesses for both parties are located in California, *see Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000); (2) the locus of operative facts lies in California, where the subject license was negotiated and executed and allegedly infringing item (*i.e.*, the film's soundtrack) was produced, *see Atlantic Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 697 (S.D.N.Y. 2009); and (3) trial efficiency and the interests of justice weigh heavily in favor of litigating all related causes of action that arise out of the Simone sound recordings in a single forum, *see, e.g.*, *Columbia Pictures Indus., Inc. v. Fung*, 447 F. Supp. 2d 306, 309 (S.D.N.Y. 2006).[1]

The balance of the factors weigh neutrally, at best, in favor of retaining the instant matter in this district.  For example, the location of documents and sources of proof is at beast a neutral factor because "[i]n in an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly."  *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 548 (S.D.N.Y. 2008).  Indeed, transporting documents and sources of proof from

---

[1] Indeed, "[t]he interests of justice require that the cases be related, not identical."  *Id.* (quoting *Manufacturers Hanover Trust Co. v. Palmer Corp.*, 798 F. Supp. 161, 167 (S.D.N.Y. 1992)).

Defendants' headquarters in Los Angeles to San Francisco will likely cause more convenience to Defendants, not less, than transporting the same materials to this district. Moreover, both parties being corporations, the relative means of the parties does not weigh in favor of either party. *See, e.g., Emerging Vision, Inc. v. For Eyes Optical Co.*, 06 Civ. 5823, 2009 U.S. Dist. LEXIS 26493, at *19-20 (S.D.N.Y. Mar. 16, 2009). Likewise, little weight is to be afforded to this forum's familiarity with the governing law, as the gravamen of this action arises in copyright infringement, with which all federal courts may be presumed to be equally familiar. *See, e.g., AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 531 (S.D.N.Y. 2004). Finally, Defendants having their headquarters and principal businesses in California, they will not be heard to complain that a transfer to the Northern District of California, instead of the Central District (where their headquarters are located) would cause them any great inconvenience as compared to this district.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to transfer venue is GRANTED. The Clerk of this Court is instructed to transfer this matter to the United States District Court for the Northern District of California and remove it from my docket.

**IT IS SO ORDERED.**

**New York, New York**
**August ___, 2009**

_____
U.S.D.J.

5